MATTER OF REXER

In Visa Petition Proceedings

NYC-N-15472

*Decided by Regional Commissioner January 12, 1965*

Beneficiaries, who are entertainers, comedian ventriloquist and acrobatic dancer, are ineligible for classification under section 101(a)(15)(H)(i), Immigration and Nationality Act, as aliens of distinguished merit and ability since the evidence does not establish that they have played starring or leading roles or have been prominently featured by name as entertainers, or that they have been acknowledged as eminent by recognized critics or other experts in the field of entertainment.

This matter is before the Regional Commissioner on an appeal from the decision of the District Director denying the petition to accord the beneficiaries nonimmigrant status under section 101(a)(15)(H)(i) of the Immigration and Nationality Act.

The petitioner is a theatrical agent and producer who seeks to import the beneficiaries temporarily for bookings through his office as entertainers. The beneficiaries are natives and citizens of France. Their address is given as Montreal, Canada. The male alien, aged 52, is described as an "international comedian ventriloquist (the man with the speaking hand)". His wife assists him and is also a ballet dancer.

To qualify for classification under this section of the law, these entertainers must be persons of distinguished merit and ability, and further, must be coming to the United States to perform services requiring such merit and ability.

The evidence submitted as to the personal qualifications of the beneficiaries consists of

(1) Publicity release of Bob Bellamy and Company, vocal impressionist, ventriloquist, gags and comedy.

(2) Publicity release of Betty Gromer, "acrobatic dancer in Spanish style, the only artist in Europe performing somersaults while playing castanets;"

(3) Photographs, and

(4) Clippings from unnamed and undated publications showing appearances of the couple as entertainers at cafes, restaurants, a music hall, hotels, and civic celebrations.

These documents do not establish that the beneficiaries have played starring or leading roles, that they have been prominently featured by name as entertainers, nor that they have been acknowledged as eminent by recognized critics or other experts in the field of entertainment. It is concluded that the petitioner has failed to establish that the beneficiaries are eligible for classification under section 101(a)(15)(H)(i) as persons of distinguished merit and ability. It is unnecessary, therefore, to consider whether the engagements obtained or to be obtained by the petitioner in their behalf require persons of such merit and ability. The appeal must be dismissed.

*It is ordered* that the appeal be and the same is hereby dismissed.